

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILLIAMSON
ATTORNEY GENERAL

Honorable Harry Schultz
County Attorney
Dallam County
Dalhart, Texas

Dear Sir:

Opinion No. 0-2699
Re: Commissioners' Courts - Paupers-
Cemeteries.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Is it permissible for the Commissioners Court of a county to levy a general property tax, the proceeds of which will be used in maintenance of the public cemeteries of the county?

"After searching all of the authorities, including your opinions, I have been unable to find any holdings either way on this question. Several cases do hold that county funds may be spent to bury paupers and in maintaining sections in a cemetary for burial of paupers, but none touch the question of maintenance of cemeteries or taxation for that purpose. Not being able to find any opinions on the subject I cannot brief it.

"I will appreciate it very much if you will hand me your opinion on the above question."

We quote from 11 Texas Jurisprudence, pages 563-4-5, as follows:

"....Counties, being component parts of the State, have no powers or duties except those which are clearly set forth and defined in the constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' courts, the medium through which the different counties act, and from those statutes must come the authority vested in the counties....

"......The commissioners' court....may provide
for the support and burial of paupers who are
residents of the county.....

".....Commissioners' courts are courts of
limited jurisdiction, in that their authority
extends only to matters pertaining to the general
welfare of their respective counties and that
their powers are only those expressly or implied-
ly conferred upon them by law, - that is, by the
constitution and statutes of the state....."

Article 2351, Vernon's Annotated Texas Civil Statutes,
reads in part as follows:

"Each commissioners court shall:

".......

"12. Provide for the burial of paupers.
......"

We quote from 32 Texas Jurisprudence, pages 612, 613,
as follows:

"It is incumbent on commissioners' courts also
to provide for the burial of paupers, and it has
been said that this is a duty which counties owe
to every pauper regardless of whether or not he
has been formally declared to be a pauper. But in
order to fix the liability of a county for burial
expenses, notice should be given to the proper
authorities and their permission obtained for the
burial. It has been held that a county is not
liable for the coffins of those who died in a pest-
house while the State had charge of it under the
quarantine laws....."

We have been unable to find any statute which would
authorize a county to establish a "public cemetery" nor have
we found any statute which would authorize a county to levy
taxes to maintain such a cemetery.

However, it is the duty of the county to provide
for the burial of paupers. The commissioners' court is
charged with this duty and undoubtedly has a large amount
of discretion in selecting the means and methods of carry-
ing out such duty. Undoubtedly the commissioners' court
would have the power to secure land for the county and es-
tablish there a cemetery or burying place for paupers.
If such a cemetery or burying ground was established by the

county for the purpose of burying <u>paupers</u> the commissioners' court would have authority to expend county funds <u>from the general fund of the county</u> for reasonable maintenance of such pauper cemetery.

It is the opinion of this department that your question should be answered in the negative, and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:wc

APPROVED SEP 9, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman